UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORTHEASTERN LUMBER
MANUFACTURERS ASSOCIATION,

    Plaintiff,

 v.                Case No. 11-C-623

EXPORT PALLET AND CRATING
SOLUTIONS LLC, and
DEAN DELMAR THIELBAR,

    Defendants.

**DECISION AND ORDER**

  On June 27, 2011, Plaintiff ("NeLMA") filed a motion seeking a temporary restraining order against the Defendants. Plaintiff asserts that the Defendants have misappropriated its trademark. NeLMA is in the business of certifying that certain wood packaging has been treated with heat to eliminate pests from the wood before shipment overseas. It asserts that its certification and mark of approval are well-known in the industry, and its mark, which is trademarked, is a stamp that conveys valuable information to consumers. NeLMA claims that the Defendants have acquired the NeLMA stamp licensed to another company and have used that stamp to apply counterfeit trademarks to its products. It further asserts that the Defendants are currently sending out product bearing these false markings, and that fact warrants emergency injunctive relief.

  Under Rule 65(b), a court may issue a temporary restraining order without notice to the adverse party if specific facts included in an affidavit clearly show that irreparable injury, loss, or

damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1). Here, Plaintiff has filed the requisite affidavits. In particular, Dennis Cornelius, an inspector for NeMLA, testifies that he interviewed a customer of Defendants who had recently received pallets from the Defendants that were marked with the counterfeit NeMLA mark. Further, the president of NeMLA has testified that the Defendants have never been authorized to used NeMLA marks in international packaging.

I am satisfied that an order restraining Defendants from using Plaintiff's trademarks is needed to prevent irreparable harm. Plaintiff also shows a strong likelihood of success on the merits, and the balance of harms tips strongly in its favor. Based on the declarations, it is likely that Defendants are currently using Plaintiff's trademarks without authorization, and this misuse will cause confusion in the marketplace and potential loss to customers. It could also result in harm to the value of the NeMLA trademark if the falsely-marked products do not live up to expectations. Thus, I am satisfied that a TRO is warranted by the circumstances presented. Upon service of the TRO, Defendants may request a hearing on an expedited basis so that they may be heard.

Pursuant to Federal Rule of Civil Procedure 65(c), a plaintiff seeking a temporary restraining order must "give[ ] security in an amount that the court considers proper to pay the costs and damages sustained" should it turn out that the restrained party has been wrongfully restrained. In the present case, Plaintiff asks that no bond be required because there is no conceivable harm to the Defendants. Even so, the Rule requires a bond, and the Seventh Circuit disfavors merely nominal bonds. *Habitat Educ. Center v. U.S. Forest Service,* 607 F.3d 453, 461 (7th Cir. 2010) (recognizing that other circuits permit the waiving of security). Here, I conclude that a bond of $750 would suffice.

The motion for a TRO is **GRANTED**. The Court hereby:

1. enjoins Defendants from using, manufacturing, distributing, or selling or offering for sale any wood packaging materials that bear the Certifying Stamp of NeLMA, IPPC and/or Dufeck Manufacturing;

2. Compels Defendants to identify to Plaintiff all sales of all wood packaging materials purported to include heat-treatment consistent with IPPC ISPM 15 or any similar heat treatment, with said list to incorporate the following information: customer; address; telephone number; date; quantity; and price;

3. Compels Defendants to identify to Plaintiff all potential purchasers (or custodians) of wood packaging materials that may have purchased materials bearing a Certifying Stamp that belonged to Dufeck Manufacturing purporting to indicate heat-treatment consistent with IPPC ISPM 15, but for which Dufeck did not provide certification. Said list shall incorporate the following information: potential customer/custodian; address; telephone number; date; quantity; and price;

4. Compels Defendants to identify to Plaintiff any and all instances in which a Certifying Stamp of Dufeck Manufacturing (or any other party) bearing NeLMA's mark was affixed or used on any product manufactured, distributed or sold by Defendants;

5. Compels Defendants to take all necessary steps to preserve, and make immediately available to NeLMA, any and all records, documents (including electronic or otherwise), and physical evidence in their possession, custody and/or control, that evidence, refer or relate to any wood packaging materials bearing the heat-treatment marks of NeLMA, IPPC and/or Dufeck Manufacturing.

Plaintiff must post $750 to the Clerk of Court to secure payment to any party who may be

wrongfully restrained by this order.

**SO ORDERED** this 28th day of June, 2011.

                                                                                 s/ William C. Griesbach
                                                                                 William C. Griesbach
                                                                                 United States District Judge